IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 3:06CR479–HEH |
| ) | |
| MALIK R. NASIR, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying Coram Nobis Motion)

Malik R. Nasir, a federal inmate proceeding *pro se*, filed a Motion for an Error Coram Nobis ("Coram Nobis Motion," ECF No. 57) that his conviction for possessing a firearm as a convicted felon is invalid in the wake of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government has responded. For the reasons set forth below, the Coram Nobis Motion will be denied.

### I. PROCEDURAL HISTORY

Nasir was convicted in the Circuit Court for the City of Charlottesville ("Circuit Court") of attempt to possess cocaine with intent to distribute with an offense date of March 16, 2000. (Presentence Investigation Report ¶ 23.) Nasir failed to appear for sentencing on February 14, 2001. (*Id.*) Nasir "remained at large until he was arrested on April 13, 2001." (*Id.*) On October 23, 2001, the Circuit Court sentenced Nasir to seven years of imprisonment, with six years suspended for that offense. (*Id.*)

Nasir was convicted of possession of cocaine with intent to distribute in the Circuit Court with an offense date of April 13, 2001. (*Id.* ¶ 31.) On October 23, 2001,

the Circuit Court sentenced Nasir to ten years of imprisonment with eight years and six months suspended. (*Id.*)

On June 20, 2007, Nasir pled guilty in this Court to a one-count indictment that charged him with possession of a firearm by a convicted felon on November 22, 2005. (ECF Nos. 1, 24.) In the Statement of Facts, Nasir acknowledged that, "Prior to November 22, 2005, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year and his rights have not been subsequently restored." (ECF No. 25 ¶ 13.) The Court sentenced Nasir to 84 months of imprisonment to be followed by a three-year term of supervised release. (ECF No. 33, at 2–3.)

Nasir was released from imprisonment on this charge on December 14, 2012. (ECF No. 42 at 2.) Thereafter, Nasir admitted to violating the terms of his supervised release leading to the imposition of a 60-day period of electronic monitoring on September 15, 2015. (ECF No. 52.)

Shortly after completing his term of supervised release imposed by this Court, Nasir committed and was convicted of additional drug and firearm crimes in the District of Delaware. *United States v. Nasir*, 982 F.3d 144, 151–52 (3d Cir. 2020), *cert. denied,* 142 S. Ct. 275 (2021), and *cert. granted, judgment vacated,* 142 S. Ct. 56 (2021). Those convictions are currently on appeal in the Third Circuit.

## II. ANALYSIS

### A. Coram Nobis Relief Generally

An individual seeking coram nobis relief must satisfy four threshold prerequisites:

2

> First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and, finally, the error that is shown must be "of the most fundamental character."

*Bereano v. United States*, 706 F.3d 568, 576 (4th Cir. 2013) (quoting *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012)). As explained below, Nasir fails to demonstrate any fundamental error that warrants relief.

**B.     18 U.S.C. § 922(g)**

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who "knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. 2197. Accordingly, *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).[1]

---

[1] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:
> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him

3

Relying on this holding, Nasir contends that his Indictment and plea colloquy were defective because he was not informed that the Government had to prove knowledge of prohibited status.[2] However, as discussed below, this claim is procedurally defaulted, and barred from review here.

---

and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.
    Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[2] Nasir does not specifically argue that *Rehaif* requires that the Government must also prove that he knew his conviction for a crime punishable by a term of imprisonment exceeding one year accorded him a status barring him from legally possessing a firearm. However, to the extent that he had, that contention lacks merit. *Rehaif* does not require the Government to prove that Nasir knew his possession of a firearm was unlawful in addition to proving he "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2194. To the contrary, "the scope of a defendant's knowledge as required by *Rehaif* does not extend beyond the defendant's relevant status (that he was a felon . . . )." *United States v. Jackson*, No. 3:17–810–CMC, 2021 WL 694848, at *8 (D.S.C. Feb. 23, 2021) (quoting *Rehaif*, 139 S. Ct. at 2194). Although the Fourth Circuit has not weighed in on this argument, four circuit courts have agreed that after *Rehaif*, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)," *United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020), —not that "he knew his status prohibited him from owning a firearm." *Id.* at 727; *see also United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020), *cert. denied sub nom. Battiste v. United States*, 141 S. Ct. 2813 (2021), *and cert. denied*, 141 S. Ct. 2814 (2021), *and cert. denied sub nom. Jones v. United States*, 141 S. Ct. 2838 (2021); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020); 140 S. Ct. 814 (2020).

### C. Nasir Fails to Demonstrate Actual Prejudice or Actual Innocence

The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, his claim is barred from review here because Nasir previously could have raised, but did not raise, this claim in this Court or on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."); *cf. Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) (concluding that unpreserved *Rehaif* error is not a basis for plain-error relief unless the defendant demonstrates a reasonable probability of different result based on the evidence he would have presented). The Court need not determine whether Nasir has shown cause, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Nasir must show "a reasonable probability that, but for [the alleged] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (explaining that defendant can only establish a Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea"). Notably, Nasir does not argue that, but for the *Rehaif* error, he would have pled not guilty and insisted on

5

proceeding to trial. For this reason alone, Nasir has failed to meet his burden of establishing actual prejudice. *See Greer*, 141 S. Ct. at 2097.³

Moreover, the undisputed evidence establishes that the Government would have easily demonstrated that Nasir was aware of his prohibited status. As the Court inferred in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *cert. denied*, 141 S. Ct. 2807 (2021).

In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. 2195. The Supreme Court set forth four elements that makes possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96.

---

³ Nasir contends that he does not need to demonstrate actual prejudice, because a *Rehaif* error is a structural error and cites the decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Gary*, 954 F.3d 194, 207 (4th Cir. 2020). The Supreme Court, however, has reversed that decision and concluded that, "[a] *Rehaif* error in a plea colloquy is ... not structural." *Greer*, 141 S. Ct. at 2100.

6

Only element (1) is at issue in the present case: whether Nasir was aware that he was a felon with a sentence of more than a year at the time he possessed the firearm. Overwhelming evidence reflects that Nasir knew of his felon status at the time of the firearm offense and the Government easily would have proven that fact if he had insisted on proceeding to trial. Namely, at the time of the present offense, Nasir had on two separate occasions been convicted of felonies. Specifically, he had been convicted of attempt to possess cocaine with intent to distribute for which he was sentenced to an active one-year term of imprisonment and possession of cocaine with intent to distribute for which he was sentenced to an active term of imprisonment of eighteen months.

Therefore, Nasir cannot show any actual prejudice. This same information dispels any suggestion that Nasir's actual innocence could excuse his default. Accordingly, Nasir's Coram Nobis Motion (ECF No. 57) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 25, 2022
Richmond, Virginia